**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| URUJA RAZZAK, ) | |
| ) | Case No. 22-cv-3990 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |
| _____ | |
| NIHRIEN PRGAM, ) | |
| ) | Case No. 22-cv-4034 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court are defendant Roundy's Illinois, LLC d/b/a/ Mariano's ("Mariano's") motions to dismiss, with prejudice, complaints filed by plaintiffs Uruja Razzak and Nihrien Prgam. Although the actions were filed separately, the Court addresses them together due to their nearly identical content. For the following reasons, the Court dismisses both actions with prejudice [12].

Razzak and Prgam previously served as People Service Managers at Mariano's. In early 2020, they opted into a Fair Labor Standards Act collective action pending before Judge Bucklo. *See Haugen v. Roundy's Illinois, LLC*, No. 18-cv-07297 (N.D. Ill. Jan. 17, 2020) (Bucklo, J.), ECF No. 55; *id.* (N.D. Ill. Jan. 31, 2020), ECF No. 57. The *Haugen* plaintiffs alleged the same claims present in the lawsuits now before this Court: that Mariano's violated the Fair Labors Standards Act and Illinois Minimum Wage Law when it failed to pay for overtime work. Razzak also brings a Chicago Minimum Wage Ordinance claim, which, too, was alleged in *Haugen*.

1

After granting conditional certification and conducting limited discovery, Judge Bucklo decertified the collective action and dismissed the opt-in plaintiffs. *Id.* (N.D. Ill. August 5, 2021), ECF No. 125. Upon a request to clarify her order, Judge Bucklo explained:

> The motion for clarification is granted to make clear that the August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order).

*Id.* (N.D. Ill. Sept. 13, 2021), ECF No. 131.

On October 8, 2021, Prgam, Razzak, and 21 other plaintiffs who previously opted into *Haugen* filed another lawsuit. *See Cunningham v. Roundy's Illinois, LLC*, No. 21-cv-05368 (N.D. Ill. Oct. 8, 2021) (Kendall, J.), ECF No. 1. Judge Kendall granted Mariano's motion to sever the action and several plaintiffs later filed individual lawsuits, two of which are now before this Court.

Mariano's contends that Razzak and Prgam's suits should be dismissed because Judge Bucklo's dismissal without prejudice converted into one with prejudice on October 5, 2021, such that plaintiffs were then barred from refiling their claims. In a third amended notice of supplemental authority, Mariano's references several court orders dismissing actions brought by other plaintiffs severed from the *Cunningham* action. *See, e.g., Milbourn v. Roundy's Illinois, LLC*, No. 22-cv-03988 (N.D. Ill. Jan. 11, 2023) (Guzman, J.), ECF No. 25 (currently on appeal); *Larson v. Roundy's Illinois, LLC*, No. 22-cv-04030 (N.D. Ill. Feb. 7, 2023) (Ellis, J.), ECF No. 29; *Jackson v. Roundy's Illinois, LLC*, No. 22-cv-03992 (N.D. Ill. Dec. 28, 2022) (Feinerman, J.), ECF No. 32; *Ellis v. Roundy's Illinois, LLC*, 2023 WL 376990, No. 22-cv-4050 (N.D. Ill. Jan. 24, 2023) (Gottschall, J.).[1] These orders recognized, and ultimately adopted, Judge Kendall's thorough analysis in *Cunningham v. Roundy's Illinois, LLC*, 2022 WL 17740421, No. 22-cv-4034 (N.D. Ill. Dec. 19, 2022) (currently on

---

[1] Just this past week, Judge Rowland dismissed another action on the same grounds. *See Qazi v. Roundy's Illinois, LLC*, No. 22-cv-04058 (N.D. Ill. Apr. 19, 2023) (Rowland, J.), ECF No. 29.

appeal). In *Cunningham*, Judge Kendall considered the same arguments now before this Court and concluded that the *Haugen* opt-in plaintiffs' claims were dismissed with prejudice on October 5, 2021. *See id.* at *7; *see also Otis v. City of Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994) (finding that "[o]nce the time to satisfy [a] condition has expired, the order is 'final'"); *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 426 (7th Cir. 2005) (discussing how an order became "final" once the date by which plaintiffs could have filed an amended complaint passed). Judge Kendall also rejected plaintiffs' relation-back and waiver arguments, and found that plaintiffs had not demonstrated any "excusable neglect" that justified filing their delayed claims. She dismissed the two plaintiffs' suits before her with prejudice.

This Court finds Judge Kendall's analysis persuasive and applies it here. Razzak and Prgam concede that their claims are nearly identical to those of the plaintiffs in the aforementioned cases. As of October 5, 2021, Razzak and Prgam's claims were dismissed with prejudice and they were thereafter barred from refiling them. Neither plaintiff has provided any rationale for their four-day delay and thus have not demonstrated any "excusable neglect" warranting this delay. The Court also finds that Mariano's did not waive its right to file this motion to dismiss by filing a motion to sever first. *Cunningham*, 2022 WL 17740421, at *7 (discussing how motions to sever under Federal Rule of Civil Procedure 21 are not responsive pleadings and thus do not cause waiver). Thus, this Court grants Mariano's motions to dismiss. Both Razzak and Prgam's claims are dismissed with prejudice.

**IT IS SO ORDERED**.

Date: 4/21/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge